IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 7:13CR00013 |
| ) | |
| WILLIAM A. WHITE, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO MODIFY DISCOVERY ORDER

The United States of America, by and through the undersigned Counsel, pursuant to an Order entered by this Honorable Court and responds to Defendant William A. White's Motion To Modify Discovery Order, ECF No. 248, which was filed on April 29, 2016.

### BACKGROUND

On April 29, 2016, WILLIAM A. WHITE filed a Motion to Modify Discovery Order. The Discovery Order, which is standard in the Western District of Virginia, prevents discovery material from leaving the possession of a defendant's Defense Attorney. The Order is intended to prevent disclosure of sensitive and/or personal identity information to protect witnesses, victims and others.

WHITE's attorney, Paul Beers, obtained authorization from the Court and subpoenaed records from Ntelos Wireless on July 29, 2013. The records were produced to the Court on August 13, 2013, but not provided to the United States as reciprocal discovery. WHITE claims that the United States made "false arguments at closing based upon improperly admitted, and, false, lay opinion testimony." Case 7:13-cr-00013-GEC, Document 248, Page 5 of 7. He

1

further claims that the date that a witness acquired a certain type of phone will foreclose any potential government claim of harmless error and the records at issue will support his assertions.

The records were provided to the United States on May 5, 2016. The records contain personal identifiers, including: account number; name of the account holder; date, time, and service location; number called from; and location called. In regards to messaging, the records show the date, as well the telephone numbers from which the message was sent and the number receiving the message. The records do not contain any message content nor appear to identify the type of device utilized. The United States can provide the records under seal for review by the Court.

Although in possession of the records prior to trial, Defense Counsel neither introduced the records in his case in chief nor used them for cross-examination, which tends to establish the records were not material to WHITE's defense.

For the reasons discussed below, the United States opposes the release of the requested material.

**DISCUSSION**

Rule 16(d)(1) of the Federal Rules of Criminal Procedure provides that at any time, for good cause, the Court may restrict discovery or inspection. In this case, WHITE's counsel and the United States executed a Joint Discovery And Inspection Order, which was signed by WHITE's attorney and an attorney for the United States. 7:13-cr-00013-GEC, Document 35. The Order provided that the Defendant and his counsel may use the material, but may not photocopy the material, except as needed in defense of the instant case. The Order stated that unauthorized disclosure may be deemed contempt of Court. The Order was signed by United States District Court Judge James Turk and filed on July 3, 2013.

Such an order is critical in protecting innocent persons from having their identity compromised or suffering embarrassment by sensitive information being made public. Additionally, information provided in discovery could be used to intimidate a witness.

WHITE's past conduct establishes the danger posed when discovery information is not maintained in a secure setting.  He has continued to file "exhibits", neither sealed nor redacted, containing personal identifying information, reports of mental evaluations and law enforcement reports containing personal identity information.  For example Document 12-1, page 9-12 of 25 contains a private investigator's interview report regarding an interview conducted with the father of a witness who testified in the case in chief in WHITE's Western District of Virginia trial.   Additionally, he filed the report of a mental health provider related to a mental evaluation conducted on WHITE.  Document 243-2, Page 9 of 58.

In violation of the above referenced Discovery Order, WHITE included an investigated interview conducted by the Federal Bureau of Investigation dated May 3, 2013.  That report, though protected by the Order, contained personal identity information of a witness.  Document 243-2, Page 5 of 58.  After review, the United States requested that the document be placed under seal.

WHITE's motion is difficult to decipher given his flip-flopping from his trial in the Western District of Virginia and the Middle District of Florida.  He fails to mention that when apprehended in Mexico he was in possession of a laptop computer which was encrypted.  The United States requested that he provide the password to allow the Federal of Investigation to access the laptop to ascertain whether or not the emails in question were sent his laptop.  The password was never provided and the Federal Bureau of Investigation was unable to access the laptop.

The United States did not receive the Ntelos records prior to trial, as they were not provided as reciprocal discovery. After hearing the United States' case in chief, including the testimony of the Ntelos account holder, WHITE's attorney apparently determined that the Ntelos records were not relevant, pertinent and did not assist in his client's defense. Clearly, this is not newly discovered evidence.

Additionally, WHITE's recorded conversations, which were introduced at trial, proved that WHITE was not adverse to using threats of violence in order to have his wife send the money he claimed she owed him. To second guess an attorney's case presentation is currently a popular sport, but hardly rises to the level of ineffective assistance of counsel.

## CONCLUSION

WILLIAM A. WHITE has been convicted in three Federal District Courts relating to his internet postings and/or emails. Given his propensity to attempt to embarrass those who have testified against him, as well as and his history of filing information on PACER that would normally be sealed, the United States has grave concerns about allowing any documents containing any personal identity information to be produced and maintained in an United States Bureau of Prisons facility. As such, the United States respectfully requests that WHITE's Motion be denied.

                                  Respectfully submitted,
                                  JOHN P. FISHWICK
                                  United States Attorney

By:   s/ C. Patrick Hogeboom III
       C. Patrick Hogeboom III
       Assistant United States Attorney
       WA Bar Number 16598
       P.O. Box 1709
       Roanoke, Virginia 24008

## CERTIFICATE OF SERVICE

I hereby certify that I have this 12th day of May, 2016, electronically filed the United States' Response to Defendant's Motion to Modify Discovery Order with the Clerk of the Court using the CM/ECF system and mailed a copy to William A. White at the address listed below.

William A. White
13888-084
71 West Van Buren Street
Chicago, IL 60605

        s/ C. Patrick Hogeboom, III
        Assistant United States Attorney