CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 13 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:13CR00013 |
| | ) | (Civil Action No. 7:16CV80934) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WILLIAM A. WHITE, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

Defendant William A. White, a federal inmate proceeding pro se, filed a motion to alter or amend the court's ruling, requesting that the court review various issues that he previously raised in two motions to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. ECF Nos. 257, 300. The court closely reviewed White's motions and exhibits and addressed those issues in its May 31, 2017 memorandum opinion, in which it granted the government's motion to dismiss, dismissed White's § 2255 motion, and denied a certificate of appealability in the accompanying order. ECF Nos. 340, 341.

Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds upon which a party may seek relief from a final judgment, order, or proceeding. Those grounds include: mistake, newly discovered evidence, fraud, a void judgment, a satisfied judgment, or any other reason that may justify relief. Fed. R. Civ. P. 60(b)(1)-(6). However, in cases that have proceeded under 28 U.S.C. § 2255, the district court "must examine Rule 60(b) motions . . . to determine whether such [a] motion[] is tantamount to [a] successive application[]." United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). If the petitioner is attempting to again attack his underlying conviction or sentence, then the motion for reconsideration "will usually amount to a successive application." Id.

Here, White attempts to challenge his sentence by raising the same grounds for relief as he did in his original § 2255. Specifically, he argues that he is actually innocent of the criminal conduct for which a jury found him guilty, that counsel provided ineffective assistance by failing to review discovery and present evidence at trial, that the prosecution engaged in misconduct by deliberately concealing evidence and presenting perjured testimony at trial, and that the court made numerous substantive errors. Therefore, his motion for reconsideration is, in fact, a second or subsequent motion under 28 U.S.C. § 2255(h). Id.

The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that a claim in the motion meets certain criteria. See 28 U.S.C. § 2255(h). As White has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, the court is without jurisdiction to consider it. Winestock, 340 F.3d at 208-09. Based upon the court's finding that White has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

ENTER: This 13th day of July, 2017

*United States District Judge*