CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 16 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 7:13CR00013 |
| | ) | (CASE NO. 7:18CV81307) |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| WILLIAM ALEXANDER WHITE, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

William Alexander White, a federal inmate proceeding pro se, has filed a motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255, seeking "[v]acatur of the judgment of conviction [and] dismissal of the indictment with prejudice." After consideration of the record, the court concludes that the motion must be summarily dismissed as successive.[1]

White faced a federal indictment charging him with four counts of making extortionate communications through interstate and foreign commerce, in violation of 18 U.S.C. §§ 875(b) and 2. The charges were based on four emails that White sent to his ex-wife, threatening injury to her if she did not send him alimony payments. White pleaded not guilty. At trial, the government presented testimony from, among others, his ex-wife and experts in internet tracking of emails. White testified in his defense that he did not send the emails and blamed a friend, Sabrina Gnos, for using his account to send the emails to frame him. White admitted asking Gnos to find someone to intimidate his ex-wife to resume

---

[1] Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, the court must summarily dismiss a § 2255 motion where it is clear from the motion, the attachments, and the record of prior proceedings that the defendant is not entitled to relief.

depositing money in his account. The jury found White guilty of three counts of making extortionate threats and one count of the lesser included offense of sending a threatening email. The court sentenced White to three prison terms of 92 months and one term of 60 months, to run concurrently to each other but consecutive to any other sentences. The judgment was affirmed. See United States v. White, 810 F.3d 212, 219-32 (4th Cir. 2016).

White then filed a § 2255 motion, raising numerous claims of ineffective assistance of counsel, actual innocence claims alleging insufficient evidence, prosecutorial misconduct claims, Fourth Amendment claims that the government accessed email and Facebook accounts without a search warrant, and various court error claims. The court concluded that White's claims lacked merit and granted the government's motion to dismiss. United States v. White, No. 7:13CV00013/7:16CV80934, 2017 WL 2378018 (W.D. Va. May 31, 2017), aff'd, 708 F. App'x 130 (4th Cir. 2018), cert. denied, No. 17-8238 (May 3, 2018).

In his current motion, White contends that the criminal judgment and the indictment must be vacated, based on newly discovered evidence allegedly showing that: (1) the government falsified affidavits in support of search warrants used to obtain evidence adduced and/or testified to at trial; (2) White was "tortured" in prison, which caused him to develop post-traumatic stress disorder and lack the mens rea to commit the charged offenses; (3) the government either failed to turn over the warrant affidavits and torture information as exculpatory evidence, in violation of Brady,[2] or knowingly presented false testimony; and (4) counsel was ineffective for failing to discover and present this information. White alleges that he exercised due diligence to discover this information that was previously

---

[2] Brady v. Maryland, 373 U.S. 83, 87 (1963) (holding that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution").

2

unavailable to him and should, thus, be entitled to present claims based on it in a second § 2255 motion. The court finds no merit to these arguments.

A federal district court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255(h). Specifically, a successive § 2255 motion will be certified under this section for consideration only if it contains

> newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §§ 2244(h)(1) and (2).

On the other hand, "not every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA" so as to require certification under § 2255(h). In re Williams, 444 F.3d 233, 235 (4th Cir. 2006). "[W]hen the factual basis for a claim does not arise until after a prior petition was filed, the new petition does not constitute a successive one." See, e.g., United States v. Hairston, 754 F.3d 258, 262 (4th Cir. 2014) (holding that subsequent § 2255 motion challenging sentence enhancement, based on new fact—post-§ 2255 vacatur of a predicate conviction—was not successive). However, Hairston does not provide White grounds to pursue this second § 2255 motion without certification from the court of appeals.

First, courts have interpreted Hairston to apply exclusively to cases involving a post-sentencing vacatur of a predicate, prior conviction. See Dais v. United States, No. 4:03-cr-00386, 2015 WL 1862806, at * 3 (D.S.C. Apr. 23, 2015) ("Because this case does not involve a vacated conviction, the Court concludes that Hairston does not provide Petitioner

3

with relief."); see also Dunn v. United States, No. 8:97-cr-0762, 2014 WL 3499257, at * 4 (D.S.C. July 14, 2014); Joy v. United States, No. 4:06-CR-01317-TLW, 2014 WL 3054727, at *2 (D.S.C. July 3, 2014). White's current claims do not involve a vacated prior conviction that affected his sentence in this court.

Second, even if Hairston extends to other types of claims, White's claims do not involve any factual basis that occurred after his initial § 2255 was filed. Rather, the information referenced in White's instant § 2255 motion (the search warrant affidavits, the alleged prison torture evidence, and its alleged effect on White's mental health at the time of the offense conduct) are facts and/or events that existed or had already occurred when White's first § 2255 motion was filed and adjudicated. See Hairston, 754 F.3d at 262. Indeed, in his initial § 2255 motion, White presented claims substantially similar to his present ones. His current § 2255 motion essentially seeks to renew those prior claims using additional, recently obtained documentation in support. Such a second-filed habeas motion, based on preexisting facts that the defendant only learned of late—whether because of alleged government concealment or other factors—is "precisely the type of situation" for which § 2255(h) was designed to address. See, e.g., Evans v. Smith, 220 F.3d 306, 323 (4th Cir. 2000) (applying same principle to second § 2254 habeas petition); see also Gage v. Chappell, 793 F.3d 1159, 1165 (9th Cir. 2015) (distinguishing between claims in which the factual predicate came into existence after the first habeas petition was filed and claims that qualify as second or successive because they were ripe at the time the first habeas petition was filed).

For the stated reasons, the court concludes that White's current § 2255 is a successive one under § 2255(h) which this court cannot consider absent certification by the United States Court of Appeals for the Fourth Circuit. White has not provided evidence that he has obtained this certification. Accordingly, the court must dismiss his current motion without prejudice as successive. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant and counsel of record for the government.

ENTER: This 16th day of May, 2018.

*/s/ Glen Conrad*
Senior United States District Judge